NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—October, 1886.

MATTER OF POWELL.

*In the matter of the estate of* SARAH L. POWELL, *deceased.*

The will of testatrix named no executor, and no residuary legatee. The subscribing witnesses, however, testified to declarations, made by testatrix, of a wish that C., one of the principal legatees, and one of two rival applicants for letters of administration, *c. t. a.*, should be entrusted with the enforcement of the provisions of the will.—

*Held*, that, *ceteris paribus*, the preference so expressed was entitled to weight in making the selection, and that C. should be appointed.

A relative of a decedent, who is also a resident of this State, will be preferred, as an applicant for letters of administration, *c. t. a.*, of her estate, to a non-resident stranger in blood.

APPLICATION for probate of decedent's will, and for

grant of letters of administration with the same annexed.

WILLIAM H. SAGE, *for proponent.*

JOHN W. WEED, *for contestant.*

THE SURROGATE.—A decree may be entered admitting to probate the paper heretofore propounded as this decedent's will.

I decline to charge the contestant with costs. The trial has not been unreasonably delayed, and no witnesses have been examined except the subscribing witnesses to the will. Within my recent decision in Matter of Henry (*ante*, 272), justice does not require that the contestant should be personally charged with the proponent's costs.

The will appoints no executor or executrix. By the provisions of § 2643 of the Code of Civil Procedure, letters of administration, *c. t. a.*, must issue, in such a case: 1st, To one or more of the residuary legatees qualified to act, and in default, etc., 2d, To one or more of the principal or specific legatees so qualified.

There is no residuary legatee under this decedent's will. The principal and specific legatees are Anna M. Smith, Mary C. Case, Louise C. Wilson, Sarah L. Smith and Isabella C. Fish. Anna M. Smith and Mary C. Case are rival applicants for letters. Which of the two has the greater interest in the estate is not altogether clear. If there were any considerable disparity in the extent and value of their respective claims as legatees of the effects to be administered, that cir-

cumstance might be regarded as controlling (Quintard v. Morgan, 4 *Dem.*, 168).

Counsel for Mrs. Case has presented affidavits made by the two subscribing witnesses, Hattie A. Hatch and Agnes F. Smith. The former, who is the manager of Hahnemann Hospital, in this city, drew the will. She declares that the importance of inserting a provision for the appointment of an executor did not occur to her, but that the testatrix expressly stated that she wished nobody except her niece, Mrs. Case, to have anything to do in the management of her estate. The other subscribing witness, Agnes F. Smith also bears testimony to the fact that the decedent expressed a wish that to Mrs. Case should be entrusted the enforcement of the provisions of this will.

I am not aware that, in any reported case, the selection of an administrator, *c. t. a.*, from among several persons having equal rights under the statute has been made to depend upon the declared preference of the testator. But I think that, other things being equal, such preference may properly enough be allowed to have some weight, just as in the selection of a guardian for an infant the wishes of the infant's deceased parents are deemed worthy of consideration by the courts, even though such wishes are not expressed in legal form (Underhill v. Dennis, 9 *Paige*, 203; Cozine v. Horn, 1 *Bradf.*, 409). There seem to be good grounds for believing that, if the importance of appointing an executrix had occurred to decedent, she would have chosen Mrs. Case for that office, and, besides, that lady is a niece of the decedent and re-

sides in this city, while Mrs. Smith resides in the State of New Jersey, and is not of decedent's blood.

Letters may issue to Mrs. Case.